**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVSION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 11680 ROYAL RIDGE MOB1 SPE, LLC, | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 22-57946-pmb |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**RGA REAL ESTATE HOLDINGS, LLC'S RESPONSE IN OPPOSITION**
**TO MOTION TO DISMISS OR CONVERT CASE**

COMES NOW, RGA Real Estate Holdings, LLC ("RGA"), and files this Response in Opposition to the Motion to Dismiss or Convert Case (the "Motion", Doc. No. 40) filed by the United States Trustee, showing the Court as follows

**BACKGROUND**

1.      Debtor 11680 Royal Ridge MOB 1 SPE, LLC ("Debtor") is indebted to RGA in an amount not less than $20,635,858.20.

2.      Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the above-reference case on October 3, 2022, just one day before RGA was scheduled to foreclose on the property located at 11680 Great Oaks Way, Alpharetta, Georgia 30022 (the "Property").

3.      Debtor is a single asset real estate entity, and the Property is its sole asset.

4.      Based on a December 20, 2022 appraisal, RGA contends that the Property is worth $13,550,000.

5.      On January 27, 2023, the Court entered a Consent Order Granting Relief from the Automatic Stay and Cancelling Associated Evidentiary Hearing (the "Consent Order", Doc. No.

38), wherein Debtor and RGA agreed that the automatic stay would be lifted to allow RGA to advertise in May 2023 for a June 6, 2023 foreclosure unless Debtor paid RGA's claim in full prior to June 6, 2023.

6.      The Consent Order also includes Debtor's agreement not to dismiss this case unless it satisfies various conditions, including providing RGA with a loan commitment showing that RGA would be paid in full prior to June 6, 2023 and that it be dismissed with prejudice. (Doc. No. 38.)

7.      On January 31, 2023, the United States Trustee filed the Motion, seeking to dismiss or convert Debtor's case to chapter 7 due to Debtor's failure to file monthly operating reports, which puts RGA at risk of a repeat filing before it is paid or forecloses on the Property.

8.      On January 31, 2023, Debtor filed monthly operating reports for October and November 2022 (Doc. Nos. 42 and 43) and on February 7, 2023, Debtor filed a monthly operating report for December 2022. (Doc. No. 47.) RGA requested that the United States Trustee defer the hearing on the Motion until after June 6, 2023, but the United States Trustee refused to reschedule the hearing.

**ARGUMENT**

9.      "Conversion or dismissal of a chapter 11 case is governed by 11 U.S.C. § 1112(b)(1), which provides that 'the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .'" *In re Sandia Resorts, Inc.*, 562 B.R. 490, 495 (Bankr. D. N.M. 2016) (quoting 11 U.S.C. § 1112(b)(1)).  The decision of conversion or dismissal "falls within the sound discretion of the court." *Id.* (citing *Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 515 (8th Cir. 2004)).

10.     For instance, the Court should consider (i) whether there would be a loss of rights granted in the case if the case is dismissed rather than converted and (ii) whether conversion or dismissal would maximize the estate's value for the benefit of creditors. *Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2010). The Court may also consider (i) the prospect of payment of secured claims after conversion or dismissal and (ii) any other prejudices to parties in interest. *See Sandia*, 562 B.R. at 496.

11.     Here, conversion or dismissal of Debtor's case is not in the best interest of Debtor's creditors, particularly Debtor's secured creditor, RGA.

12.     If the case were converted to a chapter 7 and the Property sold by a chapter 7 trustee, it would not generate sufficient funds to satisfy RGA's claim, let alone the claims of any other creditors. Rather, if the case remains a chapter 11 case, there is a stronger possibility that RGA will be paid in full—or will be able to conduct a foreclosure sale of the Property to satisfy its claim. Debtor is currently pursuing refinancing options which it contends will allow it to pay RGA in full, as well as all other creditors of Debtor's estate. (*See* Chapter 11 Plan and Disclosure Statement, Doc. Nos. 27 and 28.)

13.     Similarly, if the case were dismissed, RGA would lose the rights it was granted as a result of the parties' agreement reflected in the Consent Order. This case was filed on the eve of RGA's first attempt to foreclose on the Property, and if the case were dismissed, there would be nothing to stop Debtor from filing a new case to prevent a future foreclosure, forcing RGA to incur additional attorneys' fees and further delay of its ability to exercise the remedies available to it as a result of Debtor's defaults.

14.     Thus, conversion or dismissal would not benefit the estate or creditors and would be counter to bankruptcy's goals of preserving debtor's assets and maximizing the creditors'

return. RGA submits that the best and possibly only chance this Debtor has at paying any of its

creditors in full, including RGA, is for the Court to deny the Motion.

WHEREFORE, RGA Real Estate Holdings, LLC respectfully requests that the Court

deny the Motion and grant RGA such other and further relief as is just and proper.

This 23rd day of February, 2023.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

3343 Peachtree Road, N.E.
Suite 1600
Atlanta, Georgia 30326
(404) 233-7000

By: /s/  Frank W. DeBorde
    Frank W. DeBorde (fwd@mmmlaw.com)
    Georgia Bar No. 215415
    Talia B. Wagner (twagner@mmmlaw.com)
    Georgia Bar No. 986221

*Attorneys for RGA Reinsurance Company and RGA
Real Estate Holdings LLC*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVSION**

In re:                                                      )
                                                            )
11680 ROYAL RIDGE MOB1 SPE, LLC,    )          Chapter 11
                                                            )
                                                            )          Case No. 22-57946-pmb
                                                            )
                    Debtor.                             )
_____ )

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court

by using the Court's CM/ECF system, which will serve a notice to all counsel.

Dated:  February 23, 2023.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: /s/    Frank W. DeBorde
Frank W. DeBorde (fwd@mmmlaw.com)
Georgia Bar No. 215415
Talia B. Wagner (twagner@mmmlaw.com)
Georgia Bar No. 986221

5